IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT DONOFRIO,

    Plaintiff,

v.

                                                                       No. 23-cv-0072-WJ-JHR

BERNALILLO COUNTY
BOARD OF COMMISSIONERS, *et al*,

    Defendants.

## ORDER DIRECTING CURE AND DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 3) (IFP Motion).  Also before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 4).  The IFP Motion is deficient because it does not include a six-month inmate account statement.  *See* 28 U.S.C. § 1915(a).  Plaintiff shall cure this deficiency within thirty days of entry of this Order. The failure to timely comply will result in dismissal without further notice.

As to the remaining motion, "[c]ourts are not authorized to appoint counsel in [civil] … cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis.  *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  This decision is a matter of discretion.  *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).  Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397.  Considering these factors, and because Plaintiff does not explain why he requests counsel, the Court will not take the extraordinary step of asking a local attorney to handle this case on a *pro bono* basis.

**IT IS THEREFORE ORDERED** that within thirty (30) days of entry of this Order,

Plaintiff shall submit a certified copy of his inmate account statement reflecting transactions for a six-month period.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (**Doc. 4**) is **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE